# In the United States Court of Federal Claims

No. 19-899C

(Filed: August 23, 2019)

**(NOT TO BE PUBLISHED)**

| | |
|---|---|
| **MARK DOWNEY,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) |

Mark Downey, *pro se*, McLean, Virginia.

Mollie L. Finnan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Mark Downey has brought suit in this court alleging that he represents the federal government in a "*qui tam*" action under the False Claims Act and the Dodd Frank Act in order to "recover numerous massive cost-overruns, excessive spending, delinquent accounts, fraud and undiscovered revenue recovery with the goal to eliminate the mounting $21 trillion federal budget deficit for our children's children." Compl. Ex. 1 at 2, ECF No. 1-1 (capitalization removed).[1] Although an exhibit to his complaint details 52 counts against the government covering a wide variety of conduct, *see, e.g.*, Compl. Ex. 1 at 71-72 ("Count 24 – Federal [c]ontractors are [r]esponsible for [c]ost [o]verruns."), Mr. Downey focuses on seven counts against the United States. Specifically, Mr. Downey alleges: (1) a *qui tam* action on behalf of the United States; (2) violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended 42 U.S.C. §§ 12101-12213; (3) personal injury of an unknown nature; (4) violations of various criminal statutes such as 18 U.S.C. §§ 1361 (destruction of government

---

[1]Citations to the complaint and its attachments correspond to the page marking as reproduced in the Electronic Case Filing system.

property), 1519 (destruction of records in a federal investigation), 371 (conspiracy to defraud the United States); 2255 (civil remedies for personal injuries to minors); 1621 (perjury), 2441 (war crimes), and violations of 49 U.S.C. § 40115 (objection to public disclosure of information); (5) unspecified civil rights violations; (6) violations of "(45) U.S.C. counts;" and (7) violations of the Eighth Amendment to the United States Constitution. Compl. at 1-2.

Mr. Downey seeks $55,841,483,900,000 to be disbursed "over a ten[-]year period" as compensation for his claims. Compl. Ex. 1 at 7. The United States ("the government") has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss Pl.'s Compl. ("Def.'s Mot."), ECF No. 8. Mr. Downey filed a response on August 15, 2019. *See* Pl.'s Resp. to [Def.'s Mot.] ("Pl.'s Resp."), ECF No. 9.

Because this court lacks subject-matter jurisdiction over the claims, the government's motion to dismiss Mr. Downey's complaint is GRANTED.

## BACKGROUND

Mr. Downey alleges a wide variety of conduct by the federal government and others that give rise to his claims. The exhibit to his complaint states that his "lifetime goal is to use his 50 years of working for and with the [f]ederal [g]overnment for a history making feat" of balancing the federal budget. Compl. Ex. 1 at 2. According to Mr. Downey, "[h]e worked for 5 years, 15-hours-a-day with no compensation, resulting in 80,000 pages; almost 600,000 submissions." Compl. Ex. 1 at 2 (capitalizations removed). Mr. Downey claims that balancing the federal budget is "attainable and realistic" and the federal government should have "annulated [sic] his massive unselfish, generous, extraordinary accomplishments which would have resulted in a worldwide economic explosion." Compl. Ex. 1 at 3. Also within his exhibit, Mr. Downey provides a lengthy explanation detailing why "Social Security has many similarities to a Ponzi scheme . . . ." Compl. Ex. 1 at 37.

At bottom, however, Mr. Downey's complaint appears to be related to a dispute between him and the Social Security Administration ("SSA"). In the exhibit, Mr. Downey represents that he was receiving Social Security "Supplemental Security Income" for "many years," after his mother filed an application for him. Compl. Ex. 1 at 40. But during part of the time he received this supplemental income, he also had, or had an interest in, two real estate properties that were earning rental income. Compl. Ex. 1 at 38. In response, the SSA sought to recoup the supplemental income paid to Mr. Downey, alleging that Mr. Downey owed the agency $150,000. Compl. Ex. 1 at 40. After working with a *pro bono* attorney, Mr. Downey reached a settlement amount of $82,560 with SSA. Compl. Ex. 1 at 40. Yet, this amount was allegedly increased by the SSA Inspector General after Mr. Downey sent "confidential and proprietary" unsolicited proposals to "all federal inspector general[]s . . . ." Compl. Ex. 1 at 41 (capitalizations removed).

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six-year statute of limitations specified in Section 2501 is jurisdictional, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-36 (2008), and is not susceptible to equitable tolling or any of the other doctrines that would excuse an untimely claim, *id.* at 133-34. "Courts created by statute can have no jurisdiction but such as the statute confers." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 499 (1850)).

Mr. Downey, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[2] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[2] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

3

## ANALYSIS

As an initial matter, Mr. Downey fails to provide a "short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (citing RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (*per curiam*). His complaint is unavailing on this basis alone. Although Mr. Downey does list federal statutes and the Eighth Amendment, his complaint does not state any rationale on how these laws would apply his case. *Sanders v. United States*, No 18-979C, 2018 WL 6190375, at *3 (Fed. Cl. Nov. 28, 2018).

Further, this is not Mr. Downey's first attempt at bringing claims of this nature. According to one district court, "[a] review . . . reveals that [Mr. Downey] has filed 28 actions in United States District Courts nationwide, and many of these have been deemed frivolous or meritless." *Downey v. United States*, Nos. 19-CV-5985, 19-CV-6646, 2018 WL 3553360, at *2 (S.D.N.Y. Aug. 5, 2019). The district court stated that from "July 19, 2019, through July 17, 2019, [Mr. Downey] has filed 18 complaints that are substantially similar to the complaints filed in [that] court." *Id.* At this time, Mr. Downey is barred from filing any new civil action in the United States District Court for the Eastern District of Virginia without leave of the court. *Id.*

The government contends that each of the seven identifiable counts in Mr. Downey's complaint should be dismissed pursuant to RCFC 12(b)(1). For the following reasons, the court agrees.

1. Qui tam *actions.*

The primary component of Mr. Downey's complaint is a *qui tam* action instituted on behalf of, but also apparently against, the United States. Compl. at 2; Pl.'s Resp. at 5. The government argues that the Court of Federal Claims lacks jurisdiction to hear *qui tam* actions brought under the False Claims Act. Def.'s Mot. at 4. The court agrees with the government. It is unequivocal that this court lacks jurisdiction to hear *qui tam* suits. *LeBlanc v. United States*, 50 F.3d 1025, 1030-31 (Fed. Cir. 1995) ("[*Q*]*ui tam* suits may only be heard in the district courts.") (citing 31 U.S.C. § 3732(a)).

2. *ADA violations.*

Mr. Downey next alleges violations of the Americans with Disabilities Act ("ADA"). Compl. at 2. In his response, Mr. Downey argues that the "ADA is integrated as jointly and severally . . . and is allowed in the US Claims Court." Pl.'s Resp. at 5. The ADA, however, is not money mandating, as nothing in the statute could require payment by the United States. *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009). And as with *qui tam* actions, ADA jurisdiction is exclusively vested with district courts. *Id.* (citing *McCauley v. United States*, 152 F.3d 948 (Fed. Cir. 1998)). As a result, any claim by Mr. Downey based on the ADA must be dismissed for lack of jurisdiction.

3. *Personal injury and destruction of government property.*

Mr. Downey alleges two counts of an unspecified "personal injury" and one count of "destruction of government property." Compl. at 2. Mr. Downey argues that these claims are "allowable [under the] U.S.C. Codes . . . and are allowed in the US Claims Court." Pl.'s Resp. at 6. But these claims arise in tort, which is outside of this court's jurisdiction. 28 U.S.C. § 1491(a)(1). Section 1491(a) "expressly precludes the Court of Federal Claims from hearing cases 'sounding in tort.'" *Crane v. United States*, 664 Fed. App'x 929, 931 (Fed. Cir. 2016) (quoting 28 U.S.C. § 1491(a) and citing *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)). Thus, any claims for personal injury, destruction of government property, or other torts in Mr. Downey's complaint must be dismissed for lack of jurisdiction.

4. *Criminal conduct.*

In the jurisdictional component of his complaint, Mr. Downey alleges criminal conduct by the government, including war crimes and perjury, among others. *See* Compl. at 1. This court lacks the jurisdiction to hear any claims related to criminal conduct. *See Jones v. United States*, 440 Fed. App'x 916, 918 (Fed. Cir. 2011) (The Court of Federal Claims "has no jurisdiction over criminal matters generally.") (citing 28 U.S.C. § 1941); *see also Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994). Put simply, this is not the right forum for criminal allegations. Therefore, Mr. Downey's claims that are based in criminal law must be dismissed for lack of jurisdiction.

5. *Civil rights violations.*

Mr. Downey also alleges unspecified violations of his civil rights. Compl. at 2. In his response to the government's motion to dismiss his civil rights claims, Mr. Downey responds that he is "disabled" and that a "motion was submitted to expedite [] based on plaintiff[']s hea[l]th condition." Pl.'s Resp. at 8 (capitalizations removed). Yet, as with Mr. Downey's other allegations, the Court of Federal Claims does not have jurisdiction over civil rights claims. *See Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (*per curiam*). "Exclusive jurisdiction to hear civil rights resides in the federal district courts." *Modena v. Neff*, 91 Fed. Cl. 29, 34 (2010) (citing 28 U.S.C. § 1343) (other citations omitted). Consequently, Mr. Downey's claims based on violations of civil rights must be dismissed for lack of jurisdiction.

6. *The Eighth Amendment.*

Further, Mr. Downey alleges violations of the Eighth Amendment of the United States Constitution. Compl. at 2. According to Mr. Downey, the government imposed "severe stress" upon him and effected an "excessive or cruel and unusual punishment[]" against him by "illegally [deleting] 600,00[0] whistleblower submissions and unjustly delaying prompt payment." Pl.'s Resp. at 8 (capitalizations removed). The Eighth Amendment, however, is not money-mandating, *see Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (quoting *Edelmann v. United States*, 76 Fed. Cl. 376, 383 (2007)) (other citations omitted), and thus outside of the court's jurisdiction. As a result, this court must dismiss any of Mr. Downey's claims arising under the Eighth Amendment for lack of jurisdiction.

7. *Residual claims based on various federal statutes.*

Finally, Mr. Downey alleges violations of "(45) U.S.C. counts." Compl. at 2. In his response, Mr. Downey argues that this court has jurisdiction over his claims arising under the Freedom of Information Act ("FOIA"). Pl.'s Resp. at 8. In addition, Mr. Downey provides the definition of negligence and claims that the U.S.C. provisions he cited "take precedence over the questionable and undetermined [Department of Justice] [c]ase citations." *Id.*

Merely listing statutes does not suffice to confer jurisdiction on this court. *See, e.g., Sanders*, 2018 WL 6190375, at *3. Mr. Downey must provide a short and plain statement describing why the particular statutes invoke the court's jurisdiction. In addition, none of the statutes cited by Mr. Downey appear to be money-mandating. *See, e.g.*, Pl.'s Resp. at 10-12. For example, the successful result of a FOIA lawsuit is the release of documents, not money damages. Therefore, FOIA is not money-mandating and outside the court's jurisdiction. *Clark v. United States*, 116 Fed. App'x 278, 279 (Fed. Cir. 2004) (citing 5 U.S.C. § 552(a)(4)(B)). Mr. Downey also suggests diversity of citizenship, Pl.'s Resp. at 8, but diversity relates to jurisdiction in district courts, not this court, *see* 28 U.S.C. § 1332. Thus, the court lacks jurisdiction over the "(45) U.S.C. counts" and must dismiss these claims.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Downey's complaint is GRANTED. Mr. Downey's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge